FILED
SUPERIOR COURT
OF GUAM

2024 MAY 31 AM 11: 54

CLERK OF COURT
BY

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CM0457-22** |
| | GPD Report Nos. 22-27056 / 22-32839 |
| v. | |
| | **DECISION AND ORDER** |
| **RICHARD JOSEPH MARTINEZ,** | **GRANTING** |
| DOB: 05/30/1992 | **THE PEOPLE'S MOTION** |
| | **TO REVOKE PROBATION** |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on May 10, 2024 for a Revocation Hearing in the above-captioned matter related to Richard Joseph Martinez's ("Defendant's") failure to abide by his probationary terms. Defendant was represented by Assistant Public Defender Jocelyn Roden. The People of Guam were represented by Assistant Attorney General Leta Womack. Having duly considered the Parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order Revoking Defendant's Probation.

### BACKGROUND

On March 31, 2023, Defendant pled guilty to Theft (as a Misdemeanor), and Theft (as a Petty Misdemeanor). See Judgment of Conviction (Sep. 12, 2023). A judgment was entered imposing the following relevant conditions of probation:

- **COUNSELING/TREATMENT:** Defendant shall attend and successfully complete a Theft Prevention Program recommended by the Court, and shall pay the fee for the program.

- **MANDATORY REPORTING:** Defendant shall report to the Adult Probation Office once a month in person, or as ordered by the Court or the Probation Office.

Decision and Order Granting the People's Motion to Revoke Probation
CM0457-22, *People of Guam v. Richard Martinez*
Page 1 of 5

- **FINE:** Defendant shall pay a **fine** of **one thousand dollars ($1,000.00)** plus **court costs** of **eighty dollars ($80.00).** All or part of the fine imposed may be converted to community service at the current prevailing minimum wage.

- **COMMUNITY SERVICE:** Defendant shall complete **one hundred (100) hours** of **community service** under the direction of the Adult Probation Office. All or part of the community service imposed may be converted into a fine at the current prevailing minimum wage.

- **COURT ORDERS:** Defendant shall comply with any court orders entered against Defendant, including orders of family court or any other local or federal court of competent jurisdiction.

Id.

On August 8, 2023, a Violation Report was filed indicating that Defendant was violating several terms of his probation. Despite being several months into his probation, Defendant had failed to attend any of his scheduled Theft Prevention Program classes, failed to make any payments on his fines, court costs, or Theft Prevention Program classes, and failed to complete any of his required community service hours. See Violation Report (Aug. 8, 2023). Furthermore, Defendant hadn't reported to the Adult Probation Office for several months, despite being ordered to report monthly. Id.

Further Proceedings in this matter was then scheduled on August 15, 2023 and Defendant was summonsed to appear at the hearing. See Summons (Jul. 27, 2023). Despite being served with notice, Defendant failed to appear at his required court hearing. See Affidavit of Service (Aug. 15, 2023); Minute Entry (Aug. 15, 2023).

On April 19, 2024, the People filed their Motion to Revoke Defendant's Probation and Impose Jail Sentence ("Motion"). The People base their request on Defendant's multiple probation violations and previous non-appearance at required court dates. See Motion (Apr. 19, 2024). Opposing the Motion, Defendant claims revocation is premature because he can still complete his

Decision and Order Granting the People's Motion to Revoke Probation
CM0457-22, *People of Guam v. Richard Martinez*
Page 2 of 5

probationary terms and requirements before the expiration of his probation term. See Opposition to Motion (Apr. 24, 2024).

On May 10, 2024, the Court held a Revocation Hearing and subsequently took the matter under advisement. See Minute Entry (May 10, 2024).

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

See 9 G.C.A. § 80.66(a)(2) (1980).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

See *People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." Id. at ¶ 30 (*citing People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. See 9 G.C.A. § 80.68(a). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." Id. Should the Court revoke an offender's probation, "it may impose

Decision and Order Granting the People's Motion to Revoke Probation
CM0457-22, *People of Guam v. Richard Martinez*
Page 3 of 5

on the offender any sentence that might have been imposed originally for the crime of which he was convicted." See 9 G.C.A. § 80.66(b).

It remains undisputed that Defendant violated his probation conditions and that there is probable cause to support the violations. Since entering probation, Defendant failed to make any progress on paying off his fines / court costs / Theft Prevention Program fees. Defendant also failed to attend any of his Theft Prevention Program classes, and went several months without reporting to the Adult Probation Office. Furthermore, Defendant disobeyed the Court's orders by skipping his August 15, 2023 hearing.

Having found that Defendant was in violation of his probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances . . . will best satisfy the ends of justice and the best interests of the public." See 9 G.C.A. § 80.66(a)(2).

Based on a review of the record, it is clear that Defendant has exhausted the trust of the Court by violating his probationary conditions. Defendant has violated not one, not two, but five separate probationary conditions. Defendant's willful conduct suggests he is unable or unwilling to follow any future probation conditions should he be given another chance.

Were probation continued, it appears unlikely that any significant progress would be made in positively altering Defendant's behavior and ensuring compliance with the Court's orders. Therefore, the Court finds that revocation is in the public's best interest and satisfies the ends of justice. See 9 GCA § 80.66(a)(2).

## CONCLUSION

For the reasons stated above, the Court hereby **REVOKES** the Defendant's probation in the above-captioned matter. The Defendant is hereby **SENTENCED** to **one (1) year incarceration** at the Department of Corrections, Mangilao with credit for time served. After the completion of the Defendant's sentence the Court shall close the above-captioned case.

Decision and Order Granting the People's Motion to Revoke Probation
CM0457-22, *People of Guam v. Richard Martinez*
Page 4 of 5

**IT IS SO ORDERED** this **May 31, 2024**



_____
**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Granting the People's Motion to Revoke Probation
CM0457-22, *People of Guam v. Richard Martinez*
Page 5 of 5